UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVIE MAPP,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>　　　　　　Defendant. | Civ. No. 2:25-cv-02132-WJM-CLW<br><br>**OPINION AND ORDER** |

## WILLIAM J. MARTINI, U.S.D.J.

*Pro se* plaintiff Stevie Mapp brings this action against Defendant Trans Union LLC ("TransUnion"), a consumer reporting agency. Plaintiff alleges violation of the Fair Credit Reporting Act ("FCRA") in connection with TransUnion's purported refusal to remove certain information from Plaintiff's credit file.[1] ECF No. 1-1. Before the Court is TransUnion's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 2. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

On February 19, 2025, Plaintiff filed a complaint against TransUnion in the Superior Court of New Jersey. ECF No. 1-1. The complaint, which alleges that TransUnion violated § 1681c-2 of the FCRA, sets forth only the following factual allegations:

> Despite being provided with substantial evidence of Fraud and Identity Theft, including a police report, an identity theft affidavit filed with the [FTC], and [an] affidavit of truth, Trans Union LLC has failed to comply with its legal obligations to fully and permanently remove all fraudulent accounts and inquiries from my credit file. Instead of following federal law, which [] mandates the immediate blocking and deletion of fraudulent information upon proper notification, Trans Union LLC only removed selected accounts and inquiries while leaving others intact, disregarding the clear fraud and identity theft warning I submitted.

Compl., ECF No. 1-1. On March 28, 2025, TransUnion removed the matter to this Court and then filed a motion to dismiss under Rule 12(b)(6). ECF Nos. 1, 2. Plaintiff appears to have filed an opposition brief with five attached exhibits. ECF No. 5. Plaintiff styles this submission—which the Court initially mistook for a table of contents due to its lack of substance—as an opposition to TransUnion's motion to *vacate*, but it appears to be a brief in opposition to the instant motion to dismiss.[2]

---

[1] Plaintiff also alleges TransUnion violated other unidentified "consumer protection laws." ECF No. 1-1.
[2] A complaint may not be amended by briefs in opposition to a motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). In evaluating a motion to dismiss for failure

1

Rule 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013). To survive dismissal, a plaintiff must allege sufficient factual content "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the complaint lacks the factual specificity necessary to state a plausible claim for relief. It contains no allegations identifying or describing the "fraudulent accounts and inquiries," the specific inaccuracies in TransUnion's reporting, the relevant timeframe, or even the other consumer protection statutes TransUnion purportedly violated. While the Court is mindful of Plaintiff's *pro se* status, it cannot speculate as to facts not alleged or credit bald assertions. Accordingly, Plaintiff's complaint is **dismissed without prejudice.** Plaintiff may file a First Amended Complaint asserting any claims against TransUnion by no later than **June 20, 2025.**

For these reasons,

IT IS on this 20 day of May 2025, **ORDERED** that Defendant's motion to dismiss (ECF No. 2) is **GRANTED** and all claims against it are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may file an amended complaint <u>consistent with this Opinion and in strict accordance with L. Civ. R. 15.1</u> no later than **June 20, 2025.**

WILLIAM J. MARTINI, U.S.D.J.

---

to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court also reminds Plaintiff that an opposition brief is not a vehicle for seeking discovery.